UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KARL R. SPROWLS,                         :
     Plaintiff                         :
                                       :
vs.                                      :   CIVIL NO. 1:13-CV-1759
                                       :
                                       :
PATRICK R. DONAHOE,                      :
Postmaster General,                      :
UNITED STATES POSTAL SERVICE             :
     Defendants                        :

*M E M O R A N D U M*

*I.*       *Introduction*

Plaintiff Karl Sprowls filed this employment discrimination action on June 26, 2013. (Doc. 1). Defendants filed the instant motion to dismiss on December 23, 2013. (Doc. 6). Defendants argue that the United States Postal Service ("USPS") is not a proper Defendant and should be terminated from the lawsuit. They also argue that the suit should be dismissed because Plaintiff has failed to state a claim for age discrimination. (Doc. 7). In response, Plaintiff consents to the dismissal of the USPS as a Defendant, and requests leave to amend his complaint. (Doc. 8). For the reasons that follow, we will grant Defendants' motion to dismiss, and permit Plaintiff to amend two of his three claims.

*II.*       *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009): Plaintiff, Karl Sprowls, is a Lead Sales and Service Associate at the Mechanicsburg Post Office. (Doc. 1, ¶ 9). On May 7, 2010, the position of Special Postal Clerk became available at the Mechanicsburg Post Office. (Id. ¶ 12). At the time, Plaintiff had already been doing the work required by the position for approximately fifteen months. (Id. ¶ 15). Gina Meade, the president of Plaintiff's union, recruited Steve Smith, another union official, to apply for the job. (Doc. 1 ¶¶ 16-17). At the time, Smith was approximately sixty-four years old. (Id. ¶ 20). Plaintiff, who was forty-six years old, also applied. (Id. ¶ 19). Smith was awarded the position in May 2010. (Id. ¶ 24). Plaintiff continued to perform the duties of the position because Smith was not familiar with the tasks required, and had not yet been trained. (Id. ¶¶ 25-39). Plaintiff complained to his supervisors but his complaints were not addressed. (Id. ¶¶ 41-44). On April 1, 2011, Plaintiff filed a formal grievance. (Id. ¶ 45). Plaintiff continues to perform the duties of Smith's job, for which he has not been compensated. (Id. ¶¶ 57-67).

III.     *Discussion*

   *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."  Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at  211 (quoted case omitted).

*B. Age Discrimination Employment Act ("ADEA") Claim (Count I)*

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must allege that he or she: (1) was at least forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a younger person.  Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002).

Defendants argue that Sprowls' ADEA claim must be dismissed because he failed to allege that he was replaced by a younger person. In his complaint, Sprowls alleges that at age forty-six, he was passed over for the Special Postal Clerk position in favor of an older individual. (Doc. 1, ¶¶ 12, 19, 20, 24). Although he properly alleges that he was over forty, was qualified for the position, and suffered a negative employment action, Sprowls' failure to allege that he was replaced by a younger person is fatal to his claim. Accordingly, we will dismiss this claim.

In his response, Sprowls seeks leave to amend this claim, alleging that other similarly situated younger individuals were "treated better" than Sprowls. (Doc. 10 at 6). Defendants oppose this request, stating that amendment would be futile because "'better treatment' is not an adverse [employment] action." (Doc. 11 at 3). Although Defendants may be correct on this point of law, the Supreme Court has stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (quotations omitted). Thus, if Sprowls can plead facts supporting his claim that he suffered an adverse employment action, then his claim should be addressed on the merits. Moreover, there is no indication of bad faith on the part of Plaintiff, and no risk of prejudice to Defendants, so we will grant leave to amend this claim.

4

### C. Title VII Claim (Count II)

In Count II, Sprowls brings a Title VII claim for age discrimination. (Doc. 1, ¶ 73). As Defendants correctly observe, such a claim does not exist. Title VII only prohibits discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-16b(a)(1). Because Sprowls has failed to allege discrimination on these grounds, we will dismiss this claim.

In response, Sprowls states that he intended to plead a Title VII sex discrimination claim, and seeks leave to amend the complaint accordingly. (Doc. 10 at 6). Although the complaint omits mention of anything involving sex discrimination--and Sprowls provides no further details--if he can plead facts supporting such a claim, it would be proper under Title VII. Thus, we will grant leave to amend.

### D. Pennsylvania Human Relations Act ("PHRA") Claim (Count III)

Last, Sprowls brings a claim for age discrimination pursuant to the PHRA. Defendants argue that this claim must be dismissed because sovereign immunity protects the United States from suit under the PHRA. (Doc. 7 at 9). The law is clear that absent an express waiver, the United States is immune from suit under state anti-discrimination laws. See Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). We agree with Defendants that amending this claim would be futile, so we will dismiss the PHRA claim with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).

5

*IV.*	*Conclusion*

For the reasons stated above, Defendants' motion to dismiss (Doc. 6) will be granted.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge