UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KARL R. SPROWLS,  :
    Plaintiff  :
      :
vs.  : CIVIL NO. 1:13-CV-1759
      :
PATRICK R. DONAHOE,  :
Postmaster General,  :
UNITED STATES POSTAL SERVICE  :
    Defendant.  :

M E M O R A N D U M

*I.*    *Introduction*

Plaintiff Karl Sprowls filed this employment discrimination action on June 26, 2013. (Doc. 1). On December 23, 2013, Defendants filed a motion to dismiss (Doc. 6), which we granted on February 28, 2014. (Doc. 13). We dismissed all three of Plaintiff's claims, but granted him leave to amend the Age Discrimination Employment Act ("ADEA") claim and the Title VII claim. (Doc. 12). On March 20, 2014, Plaintiff filed an amended complaint, which restates those claims with few changes. (Doc. 14). Defendants filed a motion to dismiss the amended complaint on April 3, 2014. (Doc. 15). For the reasons that follow, we will dismiss the amended complaint with prejudice.

*II.*    *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009): Plaintiff, Karl Sprowls, is a Lead Sales and Service

Associate at the Mechanicsburg Post Office.  (Doc. 14, ¶ 9).  On May 7, 2010, the position of Special Postal Clerk became available at the Mechanicsburg Post Office.  (Id. ¶ 12).  At the time, Plaintiff had already been doing the work required by the position for approximately fifteen months.  (Id. ¶ 15).  Gina Meade, the president of Plaintiff's union, recruited Steve Smith, another union official, to apply for the job.  (Doc. 14 ¶¶ 16-20).  At the time, Smith was 64 years old.  (Id. ¶ 20).  Plaintiff, who was 46 at the time, also applied.  (Id. ¶ 19).  Smith was awarded the position in May 2010.  (Id. ¶ 24).  Plaintiff continued to perform the duties of the position because Smith was not familiar with the tasks required, and had not yet been trained.  (Id. ¶¶ 25-39).  Plaintiff complained to his supervisors but his complaints were not addressed.  (Id. ¶¶ 41-44).  On April 1, 2011, Plaintiff filed a formal grievance.  (Id. ¶ 45).

Keith Fink and Greg Negley are two Mechanicsburg Post Office employees who are younger than Plaintiff.  (Doc. 14, ¶ 78).  Fink and Negley both performed higher level work and received higher pay for that work.[1]  (Id. ¶ 79).  Additionally, Linda Hill, a female employee of the Mechanicsburg Post Office, may have received higher pay for the higher level duties she performed.  (Id. ¶¶ 90-92).  Since 2009, Plaintiff has not been paid for the higher level work he performed.  (Id. ¶ 79).

In October 2011, Plaintiff filed a complaint with the Postal Service's Equal Employment Opportunity ("EEO") office. (Doc. 14, ¶ 5).  On March 28, 2013, Plaintiff

---

1. The record does not describe the detail of "higher level work," but we assume it has a higher pay scale.

received a notice of final action from the Postal Service, which stated that the EEO complaint had been dismissed, and allowed 90 days for Plaintiff to file an action in federal court, if he so desired. (Doc. 14-1 at 2).

*III.      Discussion*

     *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

*B. Age Discrimination Claim Based on the Hiring of Steve Smith*

In Count I, Plaintiff claims that he was passed over for the position of Special Postal Clerk in favor of Steve Smith, an older and allegedly less qualified applicant. (Doc. 14, ¶¶ 20, 24). We dismissed this claim on February 28, 2014, but gave Plaintiff leave to amend his complaint. (Doc. 12). As discussed in our Memorandum (Doc. 12), Plaintiff, who was 46 at the time, cannot state an age discrimination claim based on the fact that he was replaced by a 64-year-old individual. To establish a prima facie case of age discrimination under the ADEA, a plaintiff must allege that he or she: (1) was at least forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a *sufficiently younger* person. Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002) (emphasis added). The amended complaint alleges the same facts as the original complaint, and therefore, Plaintiff has failed for the second time to state a claim under the ADEA. Because Plaintiff cannot allege that he was replaced by a younger person, this claim will be dismissed with prejudice.

*C. Remaining Claims*

Plaintiff also alleges that he suffered discrimination because two of his younger co-workers–Keith Fink and Greg Negley–received higher pay for higher level work, but Plaintiff was not compensated for the work he performed. (Doc. 14, ¶ 32). Similarly, Plaintiff claims he suffered sex discrimination because a female co-worker received higher pay for the higher level work she performed, while Plaintiff did not. (Doc. 14, ¶ 93). Defendant moves to dismiss these claims on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit, or, alternatively, failed to allege sufficient facts in support of his claims.

Before an individual can bring an employment discrimination suit, he or she must exhaust all available remedies at the administrative level. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Individuals who believe they have been discriminated against must consult an EEOC counselor within 45 days of the alleged discrimination, file a formal complaint within 15 days of receiving notice of the right to file a complaint, and bring an action in federal court within 90 days of receiving notice of the final agency action. See 29 C.F.R. §§ 1614.105(a)(1), 1614.106(b), 1614.407. "Failure to exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendant argues that the only claim Plaintiff brought to the EEOC's attention was the claim involving Steve Smith. According to Defendant, Plaintiff never complained to the EEOC about Fink and Negley receiving higher pay for the same work

5

he performed, and he did not advise the EEOC counselor that he was raising a sex discrimination claim.  In response, Plaintiff argues that he made the EEOC counselor aware of all of these claims.

Although ordinarily we may only consider the allegations in the complaint when ruling on a motion to dismiss, the Third Circuit has allowed courts to consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1992).  In employment discrimination cases, we are specifically permitted to examine the EEOC record, if attached to the motion to dismiss.  See Smith v. Pallman, 420 F. App'x 208, 213 (3d Cir. 2011).

After examining the EEOC record, we conclude that Plaintiff's remaining claims must be dismissed for several reasons.  First, Plaintiff has failed to exhaust his administrative remedies with regard to the sex discrimination claim.  (Doc. 17-1 at 60-68). Plaintiff's complaint to the EEOC did not mention a sex discrimination claim, and the administrative law judge's ("ALJ") summary of Plaintiff's claims does not mention such a claim:

> The claims in this case are defined as follows:  Did the United States Postal Service ("Agency")  unlawfully discriminate against Karl R. Sprowls, Jr. ("Complainant") on the basis of age (48) when: Complainant was not selected for the Level 7 Special Postal Clerk position for which he and Comparator Steve Smith (age: 66) both placed a bid; [and] Complainant was ordered to perform the duties of a level 7 Special Postal

>>Clerk but did not receive Level 7 compensation for these duties . . . ?

(Doc. 17-1 at 12). Similarly, neither the EEOC complaint nor the ALJ's final decision mention Plaintiff's alleged age discrimination claim concerning Greg Negley. (Doc. 17-1 at 12, 60-68). Both of these claims will be dismissed with prejudice for failure to exhaust administrative remedies.

>The ALJ analyzed Plaintiff's age discrimination claim concerning Keith Fink, so Plaintiff has exhausted his remedies with regard to this claim. However, this claim fails on its face because according to the EEOC decision, Fink is only two years younger than Plaintiff. (Doc. 17-1 at 17 ("Fink, age 46, although younger than Complainant, is not *substantially* younger than Complainant.")). Although courts have not articulated a bright line rule for determining if a person is sufficiently younger than a claimant for the purposes of the ADEA, a two-year age gap is inadequate. See Duffy v. Sodexho, Inc., No. 05-5428, 2008 WL 4919399, at *10 (E.D. Pa. Nov. 17, 2008) (citing Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir. 1995)) (holding that "three years is not a sufficiently sizeable age difference" to support a prima facie case of age discrimination). As explained in the ALJ's decision, the EEOC has generally found that a gap of five years is required. (Doc. 17-1 at 16). Notably, the amended complaint merely alleges that Fink is younger than Plaintiff, and does not specify Fink's age. (Doc. 14, ¶ 78). In response to Defendant's argument that this claim should be dismissed because Plaintiff has failed to allege Fink's age, Plaintiff feigns ignorance, reminding "[t]his Honorable Court . . . to keep in perspective that there has been no discovery prior to this Motion. . . . The reviewing

court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." (Doc. 20 at 22). Considering that Plaintiff avers that the EEOC decision was transmitted to Plaintiff's counsel on March 28, 2013 (Doc. 14, ¶ 6), the only reasonable inference that can be drawn is that Plaintiff is well-aware of Fink's age and is attempting to conceal this fact from the court; or, Plaintiff is mistaken in alleging this meritless claim a second time. Regardless, this claim will be dismissed with prejudice.[2]

IV.     *Conclusion*

For the reasons stated above, Defendant's motion to dismiss (Doc. 15) will be granted. Requests for leave to amend the claims will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile). An appropriate order follows.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

2. Future meritless filings in this case may be considered an abuse of the judicial process, subjecting Plaintiff to sanctions. FED. R. CIV. P. 11(b), (c).